

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

HOWARD B. ODOM,                                                                 Plaintiff,

v.                                        Civil Action No. 2:08cv480

INTERNATIONAL PAPER COMPANY,                                        Defendant.

## COMPLAINT

1. This action challenges the race discrimination of the Plaintiff by the Defendant, International Paper Company. Plaintiff alleges that the Defendant has discriminated against him on the basis of his race, in violation of Title VII of the Civil Rights Act of 1964, as amended. Plaintiff further alleges that the Defendant has discriminated against him on the basis of race in violation of 42 U.S.C. § 1981. Plaintiff seeks declaratory and injunctive relief and damages to redress the deprivation of his rights.

## JURISDICTION

2. Jurisdiction of this Court is invoked by Plaintiff pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 2000e, and 42 U.S.C. § 1981. The jurisdiction of this Court is invoked to secure protection and redress for the deprivation of rights secured by Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 1981.

## PARTIES

3. Plaintiff, Howard B. Odom ("Odom"), is an African-American citizen of the United States, a resident of Suffolk, Virginia, and a former employee of International Paper Company in Franklin, Virginia.

4. Defendant International Paper Company ("International Paper") is a New York

corporation, engaged in an industry affecting commerce, has had 15 or more employees at all times relevant to this action, and is an employer within the meaning of Title VII.

## FACTS

5. Odom was employed by International Paper from June, 1978 until September 10, 2007, at which time he was terminated from his position as backtender, i.e., lead machine operator.

6. During the course of Odom's employment, he performed his work entirely satisfactorily.

7. During the course of Odom's employment, he has been subjected to discrimination on the basis of race by management as well as co-workers, in particular a white co-worker.

8. In spite of Odom's complaints about the discriminatory treatment, no action has been taken against this white co-worker.

9. During the course of Odom's employment, he has been subjected to discriminatory discipline, i.e., whites who are similarly situated have not been subjected to discipline.

10. On September 10, 2007 Odom was terminated from his position as a back tender for violation of International Paper's "lockout" procedure.

11. The white co-worker who had historically discriminated against Odom on the basis of his race prevented Odom from properly performing the company's "lockout" procedure.

12. However, no disciplinary action was taken against this individual who had intentionally interfered with Odom's ability to perform the functions of his job, i.e., performing the "lockout" procedure.

13. Odom was treated differently from similarly situated white employees of

International Paper who violated the company's policies, including the "lockout" procedure.

14. Defendant International Paper terminated Odom because of his race, in violation of Title VII of the Civil Rights Act of 1964, as amended and 42 U.S.C. § 1981.

15. As a direct and proximate cause of the Defendant's actions, complained of herein, Plaintiff has suffered lost employment opportunities, lost professional advancement, humiliation, expenses related to his emotional suffering, and such damages will continue into the future.

16. Defendant at all times has been acting with malice towards Plaintiff and with conscious disregard of Plaintiff's rights.

## PRIOR ADMINISTRATIVE PROCEEDINGS

17. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (Charge No. 437-2008-00155. On July 10, 2008, the EEOC issued to Plaintiff a Dismissal and Notice of Rights. Plaintiff is filing this suit within the statutory period.

## FIRST CAUSE OF ACTION
## TITLE VII-RACE DISCRIMINATION

18. Plaintiff realleges paragraphs 1-17 and adopts them as if fully set forth herein.

19. Defendant International Paper Company engaged in unlawful race discrimination in terminating Plaintiff from his position, in violation of Title VII of the Civil Rights Act of 1964, as amended.

## SECOND CAUSE OF ACTION
## 42 U.S.C. § 1981-RACE DISCRIMINATION

20. Plaintiff realleges paragraphs 1-17 and adopts them as if fully set forth herein.

21. Defendant International Paper Company engaged in unlawful race discrimination in terminating Plaintiff from his position, in violation of 42 U.S.C. § 1981.

WHEREFORE, the Plaintiff demands judgment against the Defendant as follows:

a. Declaratory and injunctive relief.

b. Damages, including back pay, front pay and benefits.

c. Compensatory damages in an amount to be determined at trial.

d. Punitive damages in an amount to be determined at trial.

e. Pre-judgment interest.

f. The cost of this suit, including reasonable attorney's fees.

g. Such other relief as is just and proper.

h. Plaintiff demands trial by jury.

Respectfully submitted,

HOWARD B. ODOM
By Counsel

_____
Carolyn P. Carpenter
VSB # 22982
Counsel for Plaintiff
CAROLYN P. CARPENTER, P.L.C.
P. O. Box 25601
Richmond, Virginia 23260
(804) 233-8088
Facsimile (804) 233-8099
Email: ccarpenterlaw@comcast.net

# VIRGINIA LAWYER REFERRAL SERVICE
### SPONSORED BY THE VIRGINIA STATE BAR
707 E. Main Street, Suite 1500
Richmond, Virginia 23219
(804) 775-0808 / (800) 552-7977
Fax: (804) 775-0501

## PLEASE DELIVER THIS FACSIMILE TO:

Carolyn Pullin Carpenter                          Fax: (804) 233-8099
Carpenter Law Firm
P.O. Box 25601
Richmond, VA 23260

Pursuant to the rules of the Virginia Lawyer Referral Service, the client named below has been referred to you for consultation. The client has your name, address and telephone number and has been instructed to contact you directly.

SONTA REID (540) 846-5113
1231 JEFFERSON DAVIS HWY.                Referral Date:  10/02/2008
#147                                     Referred For:   LABOR DISPUTE/WAGES
FREDERICKSBURG, VA 24401

NOTE:

> The following information appears on the referral form mailed to the client:
> **THIS IS YOUR REFERRAL:** You have been referred to the attorney whose name appears below. The attorney has received a form with this information and expects *you* to call and arrange for your appointment, if you have not done so already. The attorney will *not* call you.
> **NOTICE:** The attorney to whom you have been referred has agreed to provide a consultation of up to ½ hour for the pre-paid fee of $35.00. The consultation fees collected are used to offset the administrative and operational costs of the Virginia Lawyer Referral Service. Arrangements for any additional services are subject to discussion and agreement between you and the attorney.

REFERRAL ID: 22982/5405
Following the initial consultation or within 30 days of this referral, PLEASE COMPLETE AND RETURN THIS STATEMENT TO THE VIRGINIA LAWYER REFERRAL SERVICE. The information requested is for VLRS statistical purposes only.

PLEASE CHECK ALL THAT APPLY:
___ The consultation with the referred attorney was done in person.
___ The consultation with the referred attorney was done by phone.
___ Further legal services required. ** Estimate of any additional fee: ___under $200   ___$200-$500   ___over $500
___ The referral never contacted the office to schedule an appointment.
___ The referral did not keep the scheduled appointment.
___ Referred attorney was not retained as counsel.
___ Could not schedule consultation, referred back to VLRS.
___ Conflict of interest with referred attorney/law firm, referred back to VLRS.
___ Other - Briefly Explain:_____
** Optional

## THIS REFERRAL WAS PAID.
### DO NOT COLLECT A REFERRAL FEE.
PLEASE COMPLETE THIS FORM AND RETURN IT BY FAX:
(804)-775-0501 OR BY E-MAIL: VLRS@VSB.ORG
Thank You!

This fax transmittal is intended solely for the attorney listed above. If you have received this facsimile in error, please contact