IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| HOWARD B. ODOM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No.: 2:08CV480 |
| | ) |
| INTERNATIONAL PAPER COMPANY, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT, INTERNATIONAL PAPER COMPANY'S,
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, International Paper Company (hereinafter "IP"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

**COMPLAINT**

1. Defendant admits the existence of the cited statutes of the United States and that Plaintiff has alleged race discrimination in violation of such statutes. Defendant denies that the cited statutes of the United States apply herein, denies that it has violated any law as alleged in Plaintiff's Complaint, and denies that Plaintiff has any cognizable claims under federal or state law. Defendant denies the remaining allegations contained in Paragraph 1 of Plaintiff's Complaint.

**JURISDICTION**

2. The allegations regarding subject matter jurisdiction are legal conclusions which Defendant is not required to admit or deny. Defendant denies that it committed or engaged in

any unlawful practices, actions or omissions that would give rise to this action, and denies that Plaintiff has any cognizable claims under federal or state law.

## PARTIES

3. Defendant admits that its records reflect that Plaintiff is an African-American citizen of the United States and admits that he is a former employee of International Paper Company in Franklin, Virginia. Defendant lacks knowledge or information sufficient to form a belief as to whether Howard B. Odom (hereinafter "Odom" or "Plaintiff") is a resident of Suffolk, Virginia and, therefore, denies same.

4. Defendant admits the allegations in Paragraph 4 of Plaintiff's Complaint.

## FACTS

5. Defendant admits that Plaintiff began his employment with Defendant effective June, 1978, that Plaintiff's employment was terminated and that Plaintiff's position at the time of termination was Backtender. Defendant denies the remaining allegations in Paragraph 5 of Plaintiff's Complaint.

6. Defendant denies the allegations in Paragraph 6 of Plaintiff's Complaint.

7. Defendant denies the allegations in Paragraph 7 of Plaintiff's Complaint.

8. Defendant denies the allegations in Paragraph 8 of Plaintiff's Complaint.

9. Defendant denies the allegations in Paragraph 9 of Plaintiff's Complaint.

10. Defendant denies the allegations in Paragraph 10 of Plaintiff's Complaint.

11. Defendant denies the allegations in Paragraph 11 of Plaintiff's Complaint.

12. Defendant denies the allegations in Paragraph 12 of Plaintiff's Complaint.

13. Defendant denies the allegations in Paragraph 13 of Plaintiff's Complaint.

14. Defendant denies the allegations in Paragraph 14 of Plaintiff's Complaint.

15. Defendant denies the allegations in Paragraph 15 of Plaintiff's Complaint.

16. Defendant denies the allegations in Paragraph 16 of Plaintiff's Complaint.

## PRIOR ADMINISTRATIVE PROCEEDINGS

17. Defendant admits that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and that a Dismissal and Notice of Rights was issued on July 10, 2008. The remaining allegation in Paragraph 17 of Plaintiff's Complaint constitutes a legal conclusion which Defendant is not required to admit or deny.

## FIRST CAUSE OF ACTION

## TITLE VII-RACE DISCRIMINATION

18. Defendant hereby incorporates by reference its answers and responses to Paragraphs 1-17 of Plaintiff's Complaint as though fully set forth herein.

19. Defendant denies the allegations in Paragraph 19 of Plaintiff's Complaint. Defendant further denies that it has violated any state or federal law as described in the Complaint and denies that Plaintiff has stated a valid cause of action for which he is entitled to any relief under any legal basis.

## SECOND CAUSE OF ACTION

## 42 U.S.C. §1981-RACE DISCRIMINATION

20. Defendant hereby incorporates by reference its answers and responses to Paragraphs 1-19 of Plaintiff's Complaint as though fully set forth herein.

21. Defendant denies the allegations in Paragraph 21 of the Complaint. Defendant further denies that it has violated any state or federal law as described in the Complaint and denies that Plaintiff has stated a valid cause of action for which he is entitled to any relief under any legal basis.

Defendant asserts that Plaintiff's demand for relief is not a pleading to which a response is required. However, to the extent a response is required, Defendant denies the demands set forth after Paragraph 21of Plaintiff's Complaint. Defendant denies that Plaintiff is entitled to the relief demanded, including subparagraphs a. through h. of Plaintiff's demand, and further denies that he is entitled to any relief whatsoever.

To the extent not heretofore admitted, modified or denied, Defendant herein and now denies any remaining allegations contained in Plaintiff's Complaint and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The allegations should be dismissed to the extent they fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks to advance issues and/or claims not raised in his EEOC charge number 437-2008-00155, said Title VII claims are barred as Plaintiff has failed to exhaust his administrative remedies.

### THIRD AFFIRMATIVE DEFENSE

The court is without subject matter jurisdiction, or alternatively, the Complaint fails to state a claim upon which relief can be granted, with respect to any Title VII claim of discrimination not asserted in a timely and valid Charge filed with the EEOC. Defendant further avers that Plaintiff is *estopped* and barred from alleging in this action violations of Title VII which were not properly alleged or within the scope of a charge timely filed with the EEOC.

**FOURTH AFFIRMATIVE DEFENSE**

Any claims alleged or sought to be alleged by Plaintiff pursuant to Title VII concerning alleged acts, policies or practices of Defendant occurring more than 300 days before he filed his charge with the EEOC are barred.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's Section 1981 claims must be dismissed to the extent they are based on facts which occurred outside the applicable statute of limitations.

**SIXTH AFFIRMATIVE DEFENSE**

Because of Plaintiff's negligence or improper conduct, acts or omissions, each of Plaintiff's purported causes of action is barred by the doctrine of waiver.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant is not liable for actions which were neither authorized nor ratified by the Defendant and is not liable for acts that were committed outside the scope of employment.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant acted in good faith when it elected to terminate Plaintiff's employment and its termination decision was based on legitimate non-discriminatory reasons unrelated to Plaintiff's race.

**NINTH AFFIRMATIVE DEFENSE**

In the event that any of the allegations of unlawful conduct contained in the Complaint are found to have merit, Plaintiff participated in and contributed to the conduct complained of.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims may be barred by the doctrine of unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff may be estopped from bringing all or some of his claims.

### TWELFTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff has failed to mitigate damages, if in fact damages are proven.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, should be offset by any subsequent earnings or benefits, by any duplicative awards, and by any damages caused by Plaintiff to Defendant.

### FOURTEENTH AFFIRMATIVE DEFENSE

With respect to Plaintiff's demand for punitive damages, Defendant specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damage awards which arose in the decision of *BMW of No. America v. Gore*, 116 U.S. 1589 (1996).

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or damages may be limited by the after acquired evidence doctrine.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims must be dismissed to the extent they are preempted by the Labor Management Relations Act.

### SEVENTEENTH AFFIRMATIVE DEFENSE AND DEFENDANT'S REQUEST FOR ATTORNEY'S FEES AND COSTS

Defendant avers that this action is frivolous, unreasonable, and groundless, and accordingly, Defendant is entitled to attorney's fees and other costs associated with the defense of this action.

At the time of filing this Answer, Defendant has neither commenced nor completed discovery in this cause and respectfully reserves the right to amend this answer at a later date, up to and including time of trial.

Based on the foregoing, Defendant, by counsel, requests that the Court enter an Order dismissing Plaintiff's Complaint; awarding Defendant the costs expended herein, including its reasonable attorneys' fees; and granting such further relief as the Court deems just and proper.

Respectfully submitted,

**INTERNATIONAL PAPER COMPANY**

By:   \_\_\_\_/s/_____
Lynn F. Jacob
Virginia State Bar No. 21749
Local Counsel for Defendant
WILLIAMS MULLEN, P.C.
P.O. Box 1320
Richmond, Virginia 23218-1320
Telephone: (804) 783-6427
Facsimile:  (804) 783-6507
ljacob@williamsmullen.com

Tiffanee Wade-Henderson (*pro hac vice*)
Mississippi Bar No. 99257
Counsel for Defendant
INTERNATIONAL PAPER COMPANY
6400 Poplar Avenue
Memphis, TN  38917
Telephone: (901) 419-6891
Facsimile:  (901) 214-2677
tiffanee.henderson@ipaper.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of December, 2008, I will electronically file the foregoing Answer and Affirmative Defenses with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

>   Carolyn P. Carpenter
>   Virginia Bar No. 22982
>   Carolyn P. Carpenter, P.L.C.
>   Counsel for Plaintiff
>   P.O. Box 25602
>   Richmond, VA  23260
>   (804) 233-8088
>   (804) 233-8099 - Facsimile
>   ccarpenterlaw@comcast.net

>   By:  \_\_\_\_\_/s/_____
>   Lynn F. Jacob
>   Virginia State Bar No. 21749
>   Local Counsel for Defendant
>   WILLIAMS MULLEN, P.C.
>   P.O. Box 1320
>   Richmond, Virginia 23218-1320
>   Telephone: (804) 783-6427
>   Facsimile:  (804) 783-6507
>   ljacob@williamsmullen.com

1696582v1